(No. 3070—

Hans Beresford, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 14, 1937.*

Earle A. Kloster, for claimant.

Otto Kerner, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

On the 3d day of September, 1936 the claimant was in the employ of the respondent as a laborer in the Department of Public Works and Buildings, Division of Highways, and was engaged in repairing a bridge on U. S. Route No. 34, about three miles east of Gulfport, in Henderson County. While engaged in the performance of his duties a heavy cement test beam fell on his right hand, crushing the index finger thereof so badly that it had to be amputated above the second joint.

From the stipulation of facts herein, we find as follows:

1. That claimant and respondent were, on the 3d day of September, 1936, operating under the provisions of the Workmen's Compensation Act.

2. That on said day the claimant sustained accidental injuries which arose out of and in the course of his employment.

3. That notice of the accident was given to said respondent, and claim for compensation on account thereof made within the time required by the provisions of said Act.

4. That claimant was in the employ of respondent for less than one year preceding the accident; that the annual earnings of persons of the same class in the same employment and same location, during the year preceding the accident, were Eight Hundred Dollars ($800.00); and the average weekly wage was Fifteen Dollars and Thirty-eight Cents ($15.38).

5. That claimant at the time of the injury was a single man.

6. That necessary first aid, medical, surgical and hospital services have been provided by respondent.

7. That claimant was temporarily totally disabled from the date of his injury as aforesaid, to November 12th, 1936, and has been paid in full for such temporary total disability.

8. That claimant has sustained the loss of the index finger on his right hand.

9. That claimant is therefore entitled to have and receive from the respondent the sum of Seven Dollars and Sixty-nine Cents ($7.69) per week for forty (40) weeks, as provided in Section Eight (8), Paragraphs E-2 and E-7 of the Workmen's Compensation Act, as amended.

10. That all of such compensation has accrued prior to this date.

Award is therefore entered in favor of the claimant for the sum of Three Hundred Seven Dollars and Sixty Cents ($307.60).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3d, 1937, (Session Laws of 1937, Page 83), is, by the terms of such Act, subject to the approval of the Governor, and upon such approval is payable from the Road Fund, in the manner provided by such Act.